# Kutz v. Wyoming County.

The county is liable for the lawful costs of the Justice of the Peace in all criminal cases.

A Constable is not required to make return under oath to a criminal warrant, or a subpoena in a criminal case, and if he does do so, the county is not liable to the Justice of the Peace who administers the oath in such cases.

Duties of Justices of the Peace and Constables on a criminal warrant.

COSTS—LIABILITY OF COUNTY—CONSTABLES.

Justice's costs on return to criminal warrant and subpoena.

No. 141, January Term, 1903, Common Pleas Wyoming County, Pa.

James W. Piatt, Esq., Atty. for Plaintiff.

W. E. Little, Esq., Atty. for Defendant.

Opinion of EDWIN M. DUNHAM, P. J., filed Dec. 30, 1902.

The plaintiff in this case is a Justice of the Peace in the Borough of Tunkhannock, and the agreement under which this case comes before us, shows that the case is to determine the liability of the defendant for costs or fees, alleged to be due the plaintiff, as a Justice upon criminal cases heard before him.

Upon the first case covered by the agreement, that of the Commonwealth v. Paddy Sheridan, it appears the defendant, Paddy Sheridan, was arrested, upon proper complaint, brought before the Justice, and upon hearing was discharged. This under the Act 28 Sept. 1791—12th. Ed. Pur. Dig. by Brightly—565-pl. 89 makes the county liable for all proper costs on the part of the Commonwealth, as the defendant was charged with a crime— viz: Lewdness. What then are the proper costs of the Justice? We have carefully examined the costs as returned by the Justice, in this case, and can see no reason whatever to question the following items of cost, viz:

"Docket Entry 25c," "Information 50c," "Warrant 50c," "Subpoena for 3 witnesses 45c," "3 oaths 30c," "hearing 50c." In all or total costs two 50-100 dollars.

The Justice has made his costs in this case, in his case stated, three 20-100 dollars, of this amount twenty cents is an

error in addition and fifty cents is for the oaths administered to the Constable, upon his returns to the warrant and subpoena.

As the balance of the plaintiff's claim, in this case, is exactly similar to this claim for swearing the Constable to his return of the warrant and subpoena we will consider them all together, as they all stand upon exactly the same footing and must all stand or fall together.

We may start out with the undoubted proposition, that everything that is necessary or proper to give the Justice jurisdiction of the case and everything necessary to enable the Justice to hear the Commonwealth, and dispose of it properly, by holding the defendant to bail, committing him to await trial in Court, or discharging him, is necessary, and that for such work the Justice is entitled to his fees. It is also true that in criminal cases the county pays necessary costs and such as it is required by statute to pay.

In civil cases, the statute requires the Constable to make oath to his return of service of the summons. If he does not the Justice acquires no jurisdiction. It is only by returning the summons, under oath, or by the defendant voluntarily appearing that the Justice acquires jurisdiction of the case. Then, too, in civil cases, the Constable is not usually present at the hearing, so he should make oath to his return of service of the subpoena. And where this is required and done, the statute provides a fee for each of these oaths of ten cents under the following clause: "Administering an oath or affidavit in Criminal or Civil cases ten cents." In criminal cases, however, what is the necessity for the Constable to make oath to his return, he takes his warrant, arrests the defendant, brings him before the Justice and returns—"That he has the defendant before the Court to be dealt with according to law." The bringing the defendant before the Justice is what gives the Justice jurisdiction. Why swear to a matter that is plain to the Court? It is for the Justice to determine, from the evidence, whether the person, brought before

him, is the one against whom the warrant is issued, and whether the evidence warrants a binding over. Then, too, it is necessary for the Constable to bring the defendant, as a prisoner, before the Justice, remain as the custodian, until the defendant is discharged, gives bail, or is delivered to the jail of the county under a commitment. Why need he swear to the return of the subpoena?

We see no reason why it is necessary for the Justice to administer oaths to the Constable, upon his return to a warrant or subpoena, in such cases, and therefore must hold that the county is not liable for these items. Now, Dec. 29, 1902, upon due consideration of this case judgment is rendered in favor of the plaintiff for the sum of two 50-100 dollars.

Reported by James Wilson Piatt, Esq.,

Tunkhannock, Pa.